

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:                    Attention:  Mr. Jay Sam Levey

Opinion No.  O-2219
Re:  Does the commissioners court of a
county have the power and auth-
ority to supervise and control
the maintenance of courthouses,
including the furnishing of lights,
heat and power, the operation of
elevators and the cleaning of
premises?

We have your request by letter under date of
April 13, 1940, for an opinion of this department upon the
above stated question.

Article 6872, Vernon's Civil Statutes, provides:

"Sheriffs shall have charge and control of
the courthouses of their respective counties,
subject to such regulations as the commissioners
court may prescribe; and the official bonds
shall extend to and include the faithful per-
formance of their duties under this article."

Article 5, Section 18, of the Constitution of Texas,
provides, in part, that the county commissioners, "with the
county judge, as presiding officer, shall compose the county
commissioners' court, which shall exercise such powers and
jurisdiction over all county business, as is conferred by
this Constitution and the laws of the state, or as may be
hereinafter prescribed."

Article 5, Section 23, of the Constitution, provides
that the duties of the sheriffs "shall be prescribed by the
Legislature."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. John R. Shook, Page 2

Article 1603, Vernon's Civil Statutes, provides:

"The county commissioners court of each county, as soon as practicable after the establishment of a county seat, or after its removal from one place to another, shall provide a court house and jail for the county, and offices for county officers at such county seat and keep the same in good repair."

Article 2351, subdivision 7, provides that the commissioners court shall provide and keep in repair court houses, jails and all necessary public buildings.

Article 6872, supra, is found codified in the Revised Statutes of Texas, 1879, under Title 76 relating to public buildings and grounds, as Article 3676, and is brought forward, incorporated in Vernon's Statutes without any change in its language.

Your request necessarily calls for a construction of the foregoing authorities. In the question submitted, you use the words "supervise and control." These words are often used synonymously, with the word "control" defined by Webster's New International Unabridged Dictionary as the "act of exercising restraining or directing influence over; to dominate; regulate; hence, to hold from action; to curb; subject; ..."

Construing the provisions of Article 6872, supra, with the view of distinguishing between the exercise of powers vested in the sheriff with those granted to the commissioners court over county property, it is believed that the words "charge" and "control" as used in this statute, being followed by the restricting language, "subject to such regulations as the commissioners court may prescribe," were used in a restrictive sense, with the word "charge" meaning "a duty or obligation."

Bouvier Law Dictionary, 3rd Ed., p. 459, defines "charge" as a "duty or obligation imposed upon some person ... an undertaking to keep the custody of another person's goods."

The word "custody" is defined in Webster's New International Dictionary, 2nd Ed., as "judicial or penal safekeeping; control of a thing or person with such actual or constructive possession as fulfils the purpose of the law or duty requiring it; specifically, as to persons, imprisonment; durance; as to things, charge."

Hon. John R. Shook, Page 3

Article 5, Section 18 of the Constitution, conferring upon commissioners courts the power and jurisdiction over all county business, the matter of making contracts and supervising and controlling county property, its upkeep, repairs and general maintenance, falls within that category.

"As a general rule, the care and management of all the property of a county is entrusted by statute to the board of county commissioners, and in all cases involving the location, erection, repair, removal, or furnishing of county buildings, such as courthouses, jails and public offices, the board exercises a discretion which cannot be controlled by any judicial tribunal, in the absence of fraud, corruption, or unfair dealing." 7 Enc. of Law, 966.

It was held in Dodson v. Marshall (Ct. Civ. App.), 118 S.W. (2d) 621, that the commissioners court, being charged with the duty of providing a courthouse, has at least implied authority to regulate the use thereof within reasonable bounds.

It has generally been recognized throughout the various counties of this State that the maintenance, repair and upkeep of county courthouses and jails (Art. 5115, V.A.C.S.), the employment of janitors and extra labor in and about the courthouse and premises, fall within the term "county business." On the other hand, the sheriff is entrusted with the obligation and duty of safekeeping, managing and looking to the care of the property in the sense that he is custodian; carries the keys and sees that all reasonable rules and regulations made by order of the commissioners court are properly observed and not violated.

In an opinion written by Hon. R. R. Gray, former Assistant Attorney General, addressed to Mr. Burl Brittain, County Auditor, San Patricio County, Sinton, Texas, under date of August 12, 1938, this department held that the commissioners court has the authority to employ a janitor and that such authority is not given to the sheriff.

The views expressed above are in keeping with a former opinion rendered by this department under date of March 17, 1915, and written by Honorable B. F. Looney, then Attorney General of Texas, found in the bound report and opinions of the Attorney General of Texas, 1914-16, p. 546.

Hon. John R. Shook, Page 4

Under the foregoing authorities, it is therefore the opinion of this department that the commissioners court of a county has the power and authority to supervise and control the maintenance of courthouses, including the furnishing of lights, heat and power, the operation of elevators, and the cleaning of the premises, in so far as same is necessary in the exercise thereof, by regulations which are reasonable.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. R. King
Assistant

WmK:PBP

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

APPROVED MAY 11, 1940

ATTORNEY GENERAL OF TEXAS